```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant United States Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916)554-2723

 5  Attorneys for Plaintiff
    United States of America
 6

 7

 8              IN THE UNITED STATES DISTRICT COURT

 9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,        )  2:10-cv-00520 GEB-KJM
                                     )
12            Plaintiff,             )  STIPULATION FOR STAY OF
                                     )  FURTHER PROCEEDINGS AND
13       v.                          )  ORDER [PROPOSED]
                                     )
14  APPROXIMATELY $7,081.00 IN U.S.  )
    CURRENCY,                        )
15                                   ) DATE: June 28, 2010
    2006 HONDA CRF450R MOTORCYCLE, VIN: ) TIME: 9:00 a.m.
16  JH2PE05336M413204, CALIFORNIA    ) COURTROOM: #10, 13$^{TH}$ fl.
    LICENSE NUMBER: 83C47Y,          )
17                                   )
    2004 HONDA CRF250X MOTORCYCLE, VIN: )
18  JH2ME11184K000863, CALIFORNIA    )
    LICENSE NUMBER: Z26N82,          )
19                                   )
    2006 YAMAHA TT-R230 MOTORCYCLE,  )
20  VIN: 9C6CGI9Y560013660,          )
    CALIFORNIA LICENSE NUMBER:       )
21  14E21L, and                      )
                                     )
22  1984 CASE 580E BACKHOE WITH      )
    SCRAPER BUCKET, VIN: 17033151.   )
23                                   )
                                     )
24            Defendants.            )
                                     )
25

26       Plaintiff United States of America and claimant Jonathan

27  Todd Farrell (hereafter "claimant") stipulate that a stay is

28  necessary in the above-entitled action, and request that the
```

Court enter an order staying all further proceedings pending the outcome of a related criminal case now pending in this Court (<u>United States v. Farrell</u>, 2:09-cr-0426 GEB).  This stipulation is based on the following:

  1. Pursuant to 18 U.S.C. §§ 981(g)(1), (g)(2) and 21 U.S.C. § 881(i) the parties suggest that a stay of further proceedings in this case is necessary.  The United States contends that the defendant currency is the proceeds of drug trafficking, and that the defendant vehicles were used to facilitate the cultivation of marijuana, and are therefore forfeitable to the United States.  The United States intends to depose the claimant about the claim he filed in this case and the facts surrounding his acquisition of the currency, and his use of the vehicles.  The United States will also question claimant about the events that led to the filing of an information against him for manufacturing marijuana and possession of a firearm by a felon.  If discovery proceeds, claimant would be placed in the difficult position of either invoking his Fifth Amendment right against self-incrimination and losing the ability to protect his interest in the defendant property, or waiving his Fifth Amendment rights and submitting to a deposition and potentially incriminating himself in the pending criminal matter.  If claimant invokes his Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claim he filed in this action and the defenses raised in his Answer.

  2. In addition, if this case is not stayed claimant will attempt to depose law enforcement officers who were involved in

the execution of the search warrants at the claimant's residence and other locations where marijuana plants and growing equipment was found.  Allowing depositions of these officers would adversely affect the ability of the federal authorities to conduct its related criminal prosecution.

    3.  Accordingly, the parties contend that proceeding with this action at this time has potential adverse affects on the prosecution of the related criminal case and/or upon claimant's ability to prove his claim to the property and to contest the government's allegations that the property is forfeitable.  For these reasons, the parties request that this matter be stayed for a period of six months.  At that time the parties will advise the Court whether a further stay is necessary.

DATED: June 11, 2010        BENJAMIN B. WAGNER
                                   United States Attorney

                              By: /s/ Kristin S. Door
                                  KRISTIN S. DOOR
                                  Assistant U.S. Attorney
                                  Attorneys for plaintiff

DATED: June 11, 2010        /s/ Zenia Gilg
                                   ZENIA GILG
                                   (As authorized on 6/11/10)
                                   Attorney for claimant
                                   Jonathan Todd Farrell

**ORDER**

Good cause having been shown, the Status (Pretrial Scheduling) Conference now scheduled for June 28, 2010, is continued to November 29, 2010, at 9:00 a.m.  The parties shall submit a joint scheduling report fourteen days prior to the hearing.

IT IS SO ORDERED.

Dated:   June 16, 2010

---
GARLAND E. BURRELL, JR.
United States District Judge