```
                    IN THE UNITED STATES DISTRICT COURT

                  FOR THE EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 2:10-cv-00520-GEB-DAD |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER RE: SETTLEMENT AND |
| ) | <u>DISPOSITION</u> |
| APPROXIMATELY $7,081.00 IN U.S. ) | |
| CURRENCY, ) | |
| ) | |
| 2006 HONDA CRF450R MOTORCYCLE, ) | |
| VIN: JH2PE05336M413204, ) | |
| CALIFORNIA LICENSE NUMBER: ) | |
| 83C47Y, ) | |
| ) | |
| 2004 HONDA CRF250X MOTORCYCLE, ) | |
| VIN: JH2ME11184K000863, ) | |
| CALIFORNIA LICENSE NUMBER: ) | |
| Z26N82, ) | |
| ) | |
| 2006 YAMAHA TT-R230 MOTORCYCLE, ) | |
| VIN: 9C6CG19Y560013660, ) | |
| CALIFORNIA LICENSE NUMBER: ) | |
| 14E21L, and ) | |
| ) | |
| 1984 CASE 580E BACKHOE WITH ) | |
| SCRAPER BUCKET, VIN: 17033151. ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff filed a "Notice of Settlement" on February 8, 2012, in which it states, "the parties to the above-referenced civil action have reached a settlement[, and t]he dispositional papers will be filed with the Court within twenty-one days, in accordance with E.D. Cal. R. 160(b)." (ECF No. 27.)

1

1      Therefore, a dispositional document shall be filed no later
2 than February 29, 2012. Failure to respond by this deadline may be
3 construed as consent to dismissal of this action without prejudice, and
4 a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to
5 file dispositional papers on the date prescribed by the Court may be
6 grounds for sanctions.").
7      Further, the Status Conference scheduled for hearing on
8 February 27, 2012, is continued to commence at 9:00 a.m. on April 9,
9 2012, in the event no dispositional document is filed, or if this action
10 is not otherwise dismissed.[1] A joint status report shall be filed
11 fourteen (14) days prior to the Status Conference.
12      IT IS SO ORDERED.
13 Dated: February 8, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The Status Conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2